Tayiok, Chief Justice,
 

 delivered the opinion of the Court.
 

 According to the directions of the act relative to the sale of lands for the sake of partition, the proceeds of an infant’s share shall be so invested, or settled, that the same shall be effectually secured unto the person so entitled, or his or her real representative. (1812,
 
 ch. 847.)
 

 If
 
 John
 
 and
 
 Miles Powell
 
 had died intestate before the sale,
 
 Elizabeth,
 
 the plaintiff’s wife, would have been their heir at law, in exclusion of their paternal half sisters, conformably to the fourth rule of descent established by the act of 1808. It is equally clear, that if either had died under age, after the sale, the money produced by the sale must have been considered as land, and therefore the heir at law would have succeeded to it. But it is not so certain, that if one or both had arrived at full age, and then died, that his or their share of the money would then have been considered as land, and be descendible accordingly. It is stated in the case, that one died after he came of age, but it is stated incidentally in the defendant’s answer, and for a purpose altogether unconnected with the principal question.
 

 Now the decree considers the whole sum as real estate,
 
 *219
 
 in which it is erroneous, and must he reversed. The cause must be remanded for farther proceedings, and es-penally for the purpose of ascertaining the ages of
 
 John
 
 and
 
 Miles Powell
 
 at the time of their respective deaths,